**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**MAMADOU NDIAYE,**

Petitioner,

v.

**WARDEN DENNIS SULLIVAN, et al.,**

Respondents.

CASE NO. 3:26 CV 1938

JUDGE JAMES R. KNEPP II

**ORDER**

Petitioner Mamadou Ndiaye, a citizen of Senegal in immigration custody, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release based on *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). At the same time, Petitioner filed an *Ex Parte* Application for Temporary Restraining Order ("TRO"). Doc. 2; *see* Fed. R. Civ. P. 65(b). Therein, he moves for immediate release pending resolution of his Petition, and requests the Court issue an order prohibiting Respondents from transferring him outside of this judicial district or removing him from the United States while the Petition is pending. *Id.* at 1-2. For the reasons set forth below, Petitioner's request for a Temporary Restraining Order is denied and this matter is referred to Magistrate Judge Darrell A. Clay for further proceedings.

Federal Civil Rule 65(b) allows a court to issue a temporary restraining order ("TRO") without notice to the adverse party, only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B).

Further, a TRO is an "extraordinary and drastic remedy" and should "only be awarded upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (quoting *Munaf v. Green*, 553 U.S. 674, 689-90 (2008) ). Courts consider four factors in determining whether to grant or deny a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable injury without an TRO; (3) whether granting the TRO would cause substantial harm to others; and (4) whether the public interest would be served by granting the injunction. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012).[1] Petitioner "bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." *Id.*

On review, the Court finds Petitioner has not demonstrated entitlement to the relief sought. Petitioner has not shown a likelihood of success on the merits as required to warrant the extraordinary remedy of a TRO.

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" "removal." 8 U.S.C. § 1231(a)(2)-(6). The "removal period" begins once a noncitizen's removal order "becomes administratively final." 8 U.S.C. § 123l(a)(l)(B). The removal period lasts for 90 days, during which the Government "shall remove the [non-citizen] from the United States." 8 U.S.C. § 1231(a)(1)(A). And the Government "shall detain the [non-citizen]" as it carries out the removal. 8 U.S.C. § 1231(a)(2). After the initial 90-day detention period, a noncitizen "ordered removed . . . [as] inadmissible under section 1182 of this title . . . may be detained beyond the removal period" or "released" subject to terms of supervision. 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). For post-removal detention to be permissible, removal must be reasonably

1. The same standard generally applies to temporary restraining orders and preliminary injunctions. *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006).

foreseeable. *Zadvydas*, 533 U.S. at 699. What constitutes reasonable foreseeability is determined using a case-by-case inquiry, with no specific point in time where the detention becomes constitutionally impermissible. *Id.* However, the Supreme Court held that a period of detention under six months is a "presumptively reasonable period of detention." *Id.* at 701.

This does not necessarily mean that any detention longer than six months is unreasonable. *Id.* After six months, the detention of the noncitizen may continue to be constitutionally permissible according to a burden shifting framework. *Id.* First, the noncitizen must "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If this is met, the burden shifts to the Government. The Government must "respond with evidence sufficient to rebut that showing." *Id.* "And as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' necessarily shrinks." *Lopez v. Raycraft*, 2026 WL 1370583, at *12 (E.D. Mich.) (quoting *Zadvydas*, 533 U.S. at 701). "Said differently: A person with a final removal order 'may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Id.*

Although the length of Petitioner's post-order-of-removal detention may possibly have met the six month period found presumptively reasonable in *Zadvydas*, the Supreme Court therein indicated the lapse of the presumptive period does not mandate release. *Zadvydas* concluded that, "[t]o the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701. After six months, the burden-shifting framework applies.

On the record before the Court, Petitioner has not demonstrated a likelihood of success on his claim such that the extraordinary remedy of a TRO is appropriate at this stage. According to

the Petition, Petitioner was ordered removed on January 20, 2026. (Doc. 1, at 1). And, on July 6, 2026, ICE issued a Decision to Continue Detention under 8 C.F.R. § 241.4. *Id.* at 5. Petitioner attaches this decision in which the Government represents it is "in receipt of or expects to receive the necessary travel documents to effectuate your removal, and removal is practicable, likely to occur in the reasonably foreseeable future, and in the public interest." (Doc. 1-2, at 24). In his Motion, Petitioner contends that although the Government claims such travel documents are expected "it has provided no concrete evidence of imminent removal." (Doc. 2, at 3). But the Court finds it cannot conclude on this record that Petitioner is likely to succeed on the merits of his claim on the current allegations and evidence presented. Instead, the Court will refer the underlying Petition for merits consideration upon full briefing before the Magistrate Judge.

Further, as to Petitioner's contention that he may be transferred to another facility and his accompanying request for injunctive relief preventing such a transfer, the Court similarly finds Petitioner has not established entitlement to the requested preliminary relief. First, Petitioner fails to demonstrate any likelihood—beyond his own speculative and conclusory allegations—that he will be transferred to another facility. Second, this Court's jurisdiction attaches with the filing of the § 2241 Petition and is not destroyed by any subsequent transfer. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002) ("A district court's jurisdiction generally is not defeated when a prisoner who has filed a § 2241 petition while present in the district is involuntarily removed from the district while the case is pending.").

For the foregoing reasons, good cause appearing, it is

ORDERED that Petitioner's *Ex Parte* Application for Temporary Restraining Order (Doc. 2) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that upon consideration and pursuant to Local Civil Rule 72.2 *et seq.,* this matter is REFERRED for Report and Recommendation to United States Magistrate Judge Darrell A. Clay, which referral shall include the issuance by the Magistrate Judge of any order requiring Respondents to answer, service of the Petition, or any appropriate order directed to this matter, pursuant to Rule 4 of the Federal Rules governing habeas corpus cases.[2]

IT IS SO ORDERED.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2026

2. This case does not necessitate a Case Management Conference as contemplated by Local Civil Rule 16.3(a) and is assigned to the administrative track.